IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MARCUS TAYLOR**                                                                               **PLAINTIFF**
Reg. # 62930-037

v.                                      Case No. 2:20-cv-00207-LPR

**UNITED STATES OF AMERICA,** *et al.*                                          **DEFENDANTS**

### ORDER

The Court has received a Recommendation for dismissal from Magistrate Judge J. Thomas Ray, along with objections filed by Mr. Taylor, Mr. Vaughn, Mr. Skinner, Mr. Wells, Mr. Allen, and Mr. Mahaney. After a careful and *de novo* review of these documents and of the entire record in this case, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings in its entirety.[1]

Mr. Taylor, Mr. Vaughn, Mr. Skinner, Mr. Wells, Mr. Allen, and Mr. Mahaney's claims are DISMISSED without prejudice for failure to exhaust administrative remedies.[2] Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an *in forma pauperis* appeal of this Order or the accompanying Judgment would not be taken in good faith.

---

[1] The Court notes two non-dispositive caveats to Judge Ray's Recommendation. *First*, Judge Ray says that the prisoners have not offered "any" evidence to support the allegations in their affidavit. Of course, affidavits are evidence. The issue in this case is that the affidavits do not create a genuine dispute of fact because the affidavits tell a story "which is blatantly contradicted by the record, so that no reasonable jury could believe it . . . ." (Doc. 54) at 29 (quoting *Scott v. Harris*, 550 U.S. 372, 380–81 (2007)). Judge Ray's point, which is correct, is that the affidavits are inconsistent, definitively contradicted by the record, and not supported by any other evidence.

*Second*, the Court does not adopt (and does not need to adopt) Judge Ray's statement that "[a]llowing inmates to avoid the PLRA's mandatory exhaustion requirement, based solely on their factually unsupported affidavits claiming that they were thwarted from exhausting, would result in this requirement being judicially erased from the statute." (Doc. 54) at 32. The Court agrees with Judge Ray that the relevant Eighth Circuit cases have all involved inmate affidavits plus additional documentary evidence. But the Court does not want to entirely rule out the hypothetical possibility that an inmate's affidavit, when not directly contradicted by the record, could be enough on its own to create a genuine issue of fact. That is not this case.

[2] In accordance with Judge Ray's Recommendation, Plaintiffs' Motion for Reconsideration (Doc. 53) is DENIED, and each Plaintiff shall be assessed the full $350 filing fee. *See* (Doc. 54) at 2 n.1.

IT IS SO ORDERED this 5th day of November 2021.

                                                _____
                                                LEE P. RUDOFSKY
                                                UNITED STATES DISTRICT JUDGE